UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>BRENDA MENDOZA TORRES,<br><br>                                    Defendant. | Case No.: 3:24-CR-1871-AGS<br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR BOND**<br><br>**[ECF No. 13]** |

      Before the Court is Defendant's Motion to Reconsider Order of Detention. ECF No. 13. At Defendant Brenda Mendoza Torres' ("Defendant") initial appearance on August 19, 2024, the Government moved to detain her based on a serious risk of flight. ECF No. 7. After a hearing that day, the Court granted the Government's motion. ECF No. 6. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. *Id.* Based on this finding, the Court ordered that Defendant be detained. The Court found that the following factors supported an order of detention: the nature and circumstances of the offense; Defendant's criminal history; Defendant is subject to removal or deportation after serving any period of incarceration; Defendant has been charged with a crime involving the use of false statements; and the weight of the evidence against the Defendant is strong (although the least important factor). *Id.*

Defendant now seeks reconsideration of the Court's detention order, and requests that the Court set pretrial release conditions including a personal appearance bond in the amount of $25,000, secured by the signature of Defendant's sister, with a cash deposit if deemed necessary by the Court. Defendant argues that conditions of pretrial release should be set because she has strong family ties in the United States. Defendant was brought to the United States at a young age and lived here for more than twenty years. She has three minor children who are U.S. citizens, including one child with significant health issues. Her partner and her extended family members live in the United States. Her sister is willing to act as a surety. Several of her siblings are willing to provide her with housing and support. Defendant acknowledges that she has a criminal history, but notes that she complied with all conditions of parole for several months after her release from custody until she was deported.

The Government opposes the motion. ECF No. 27. The Government argues that Defendant has not presented any new facts that warrant reconsideration of detention. The Government expressed concerns that Defendant's proposed surety is a DACA recipient without permanent legal status to reside in the United States who does not appear to be qualified financially to serve as a surety. The Government submitted police reports regarding Defendant's criminal history that indicate that Defendant failed to comply with a criminal protective order.

Defendant filed a reply in support of her motion. ECF No. 24.[1] Defendant argues that the additional information that the Government submitted regarding her criminal history does not demonstrate that she presents a serious flight risk. Instead, Defendant asserts that her history of appearing in court while on bond for that charge and complying with her parole conditions demonstrate that she is not a flight risk. Defendant also argues that the Government's objection to her proposed surety based on her status as a DACA

---

[1] The Court granted Defendant's Motion for Leave to File her Reply brief, ECF No. 23, on September 16, 2024.

recipient is unfounded.

The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

The Court is not persuaded that the additional facts presented by Defendant regarding her ties to the United States warrant reconsideration of the Court's prior detention order. Defense counsel advised the Court that Defendant had lived in the United States for twenty years and had family ties in the United States, including three minor children, at her detention hearing. The Court took that into consideration. The Court remains concerned about Defendant's recent criminal history and, in particular, what appears to be a violation of a restraining order imposed to protect a minor-aged victim.

Therefore, the Court **DENIES** Defendant's renewed motion for bond.

**IT IS SO ORDERED.**

Dated: September 16, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge